FILED
SUPERIOR COURT
OF GUAM

2022 MAR -3 PM 1: 36

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: **CF0276-21** |
| | ) | GPD Report Nos.: 21-13493/21-13558 |
| vs. | ) | |
| | ) | |
| CHRIS JUNIOR ANDERSON | ) | DECISION AND ORDER |
| TEDTAOTAO, | ) | RE: PEOPLE'S MOTION FOR |
| *aka* Chris Anderson Tedtaotao, Jr., | ) | DISMISSAL WITHOUT PREJUDICE |
| DOB: 03/07/1992 or 09/07/1992 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INTRODUCTION**

This matter is before the Honorable Maria T. Cenzon on the Defendant's motion to dismiss this matter with prejudice. This Court previously dismissed the Indictment in this case due to the unavailability of the Victim to appear for trial as scheduled in November, 2021. The People sought to dismiss the matter without prejudice while the Defendant asked for prejudice to attach, thereby preventing his prosecution. The parties submitted briefs in support of their respective positions and, on December 10, 2021, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001 (Jan. 14, 2005) and 13-003(C)(May 13, 2013), upon the closing of the pleadings. After considering the briefs on file with the Court and after

reviewing the applicable statutes and case law, the Court now issues this Decision and Order GRANTING the People's motion to dismiss *without* prejudice.

## PROCEDURAL BACKGROUND

The six-month lifespan of this criminal case began on June 5, 2021, with the filing of the Magistrate's Complaint, followed by the Indictment on June 14, 2021, until this Court dismissed it on the request of the People on October 25, 2021. *Hrg. on Pre-Trial Conference* (Oct. 25, 2021). Defendant Despite the relatively short time between the filing of charges against the Defendant and the dismissal, the Defendant, who had also asserted his right to a speedy trial,[1] brought several pre-trial motions, including his Motion to Dismiss the First and Second Charges in the Indictment (the "Motion to Dismiss") on June 29, 2021, which the court granted, in part, and denied, in part. See, Decision and Order: Def.'s Mot. to Dismiss The First and Scond Charges or In the Alternative for a Bill of Particulars (Oct. 20, 2021).[2]

In addition to Defendant's Motion to Dismiss, the Defendant also filed several motions *in limine*, including: Motion in Limine to Exclude Other Acts Evidence, Motion in Limine to preclude the Prosecution from Introducing All evidence not Discovered to Defendant As of July 2, 2021; Motion in Limine to Prohibit Reference to Probation or Parole Status; and a Motion in Limine to Prohibit Hearsay (Crawford). The People were also fully engaged in the prosecution

---

[1] Defendant asserted his right to speedy trial pursuant to 8 GCA § 80.60 on June 25, 2021.

[2] The Decision and Order, which is incorporated herein by reference, erroneously indicates that the hearing on the Motion to Dismiss was held on June 29, 2021. However, the hearing was on July 29, 2021, and the Defendant had filed his motion on June 29, 2021. In any event, on July 6, 2021, the Court issued its Order Vacating Jury Selection and Trial and Tolling Speedy Trial (Pending Motion to Dismiss) finding that good cause supported vacating the jury selection originally scheduled for July 14, 2021 because the motion filed by the Defendant was beneficial to him, as it could ultimately dispose of the charges which inured to his benefit. Order at p. 2 (citing *People v. Guerrero*, 2017 Guam 5 ¶ 17).

of this case, timely filing its People's Preliminary Witness List on July 1, 2021, and its Exhibit List on July 13, 2021.

Following the Court's ruling on the Defendant's Motion to Dismiss on October 20, 2021, trial was set to commence on November 3, 2021. *Amended Criminal Trial Sched. Order [Asserted]* (Oct. 20, 2021). In preparation for trial, on October 22, 2021, the People spoke to the Victim about the upcoming trial and returning to Guam. Although the Victim indicated she was willing to travel to Guam, she did not have sufficient child care in order to leave her young children in the U.S. Mainland, where she was then-located, in time to travel for the November trial. People's Mot. and Order to Dismiss Without Prejudice (Oct. 22, 2021). On this basis, the People sought and order of the Court dismissing the matter without prejudice. While the Defendant did not oppose dismissal, he seeks dismissal *with* prejudice.

## LAW AND ANALYSIS

### A. Dismissal of this Matter Requires Leave of Court

Title 8 GCA § 80.70(a) outlines the procedure under which the People's Motion is brought:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

This section clearly establishes that "[b]ecause leave of court is required, the dismissal under section 80.70(a) is an act of the court." *People v. Gutierrez*, 2005 Guam 19 ¶ 31. This rule marks a change from the common law rule of *nolle prosequi* which has been abandoned in

Guam pursuant to 8 GCA § 80.80[3] and which was a power once vested in the prosecuting attorney to dismiss a criminal case in his or her sole discretion. *See Gutierrez* ¶ 28 n. 3; *People v. Rios*, 2008 Guam 22 ¶ 21; and *People v. Flores*, 2009 Guam 22 ¶ 23.

**B. The Court Presumes Good Faith by the People in Bringing the Motion and the Defendant Must Rebut Such Presumption For a Dismissal With Prejudice.**

Although the People of Guam no longer have the unfettered discretion to dismiss a case under its common law power of *nolle prosequi*, Guam law analogizes 8 GCA § 80.70(a) motions to those brought under Rule 48(a) of the Federal Rules of Criminal Procedure (*Gutierrez* ¶ 48) and Guam adopts the federal presumption that the prosecutor brings the motion "in good faith and in the proper discharge of his duties." *Gutierrez* ¶ 51 (quoting *U.S. v. Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964)). See also, *Id.* at ¶ 52 ("The circuit courts have universally held that the prosecution is entitled to a presumption of good faith when bringing a Rule 48(a) motion and the motion should generally be granted as a matter of course."). The presumption, however, is not absolute, and "is rebutted upon a showing of a lack of good faith." *Gutierrez* ¶ 53 (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)). This good faith presumption may be rebutted by a finding of considerations "clearly contrary to the public interest"[4] or if the dismissal "would be clearly contrary to manifest public interest...".[5]

Although Defendant's counsel argues that "there is little to no chance that the Government will refile these charges" against the Defendant because the Victim has permanently relocated to

---

[3] "The entry of a nolle prosequi is abolished, and a prosecuting attorney cannot discontinue or abandon a prosecution for any offense, except as provided in § 80.70."

[4] *Id.* ¶ 54 (quoting *Salinas* at 351)).

[5] *Gutierrez* ¶ 54 (quoting *United States v. Rush*, 240 F.3d 729, 730 (8th Cir. 2001).

the U.S. mainland with no intention to return to Guam. *Def.'s Brief* at p. 3. This argument is contrary to the information presented to the Court by the People during the hearing that the Victim is willing to return to Guam if given adequate notice of the trial dates and, further, that she will remain in touch with the Victims Service Center because she desires to return to Guam in the future. *People's Brief* at p. 4. The Defendant has not provided the Court with any evidence rebutting the presumption of good faith.

Equally important, the Defendant does not suffer nor has he established any prejudice resulting from the dismissal without prejudice of this matter, as the Defendant was immediately released from pre-trial detention upon the filing of the People's motion and, further, Defendant has the opportunity to file a motion for expungement of this matter upon the expiration of the applicable Statute of Limitations, pursuant to 8 GCA § 11.10 (3), which is a civil proceeding. *People v. Lau,* 2007 Guam 4 ¶ 6, n. 3.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the People's Motion and Order for Dismissal *Without* Prejudice is **GRANTED.**

**SO ORDERED** this **MAR 03 2022** , *nunc pro tunc,* October 25, 2021.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AG , APD*

Date: 3/3/22 Time: 1:42pm

Deputy Clerk, Superior Court of Guam